UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JAMES A. CRACOLICI and DANIELLE C.
CRACOLICI,

                                Plaintiffs,           **OPINION AND ORDER**

      - against -                                       No. 18-CV-3807 (CS)

CRAIG JAMES SAUNDERS,

                                Defendant.
-------------------------------------------------------------x

Appearances:

James A. Cracolici
Nyack, New York
*Counsel for Plaintiffs*

Craig James Saunders
Waterdown, Ontario
*Pro Se Defendant*

Seibel, J.

      Before the Court is the motion to dismiss of *pro se* Defendant Craig James Saunders. (Doc. 38.)

## I.    BACKGROUND

      I accept as true the facts, but not the conclusions, set forth in the Second Amended Complaint. (Doc. 37 ("SAC").)

###    A.    Facts

      On March 15, 2018, Plaintiffs James A. Cracolici and Danielle C. Cracolici listed for sale on eBay a comic book entitled "Tales of Suspense #39" ("TOS39"), which features the first appearance of the superhero Iron Man. (*Id.* ¶¶ 9, 13.) TOS39 was offered for a "Buy It Now" price of $7,680. (*Id.* ¶ 13.)

On March 16, 2018, Defendant Craig James Saunders purchased TOS39 for $7,733.67 (the "Buy it Now" price plus $53.67 for shipping), and submitted payment through Paypal, Inc. ("Paypal"). (*Id.* ¶ 14.) On March 23, 2018, Plaintiffs shipped TOS39 to Defendant, and on March 27, Plaintiffs received confirmation that the package was delivered from both the U.S. Postal Service ("USPS") and Canada Post. (*Id.* ¶ 15.) But on either that day or the day after, Defendant contacted Plaintiffs claiming that TOS39 was not delivered. (*Id.* ¶ 16.) Plaintiffs followed up with the USPS, and on March 28, 2018, the USPS confirmed via email that TOS39 was delivered to the Defendant's address. (*Id.*) Defendant, however, requested a refund from Paypal, which Paypal issued in the full amount of $7,733.67. (*Id.* ¶ 19.) Plaintiffs allege that they did not receive any money from Defendant despite the fact that Defendant is in possession of TOS39.

  **B.**  **Procedural History**

On April 30, 2018, Plaintiffs filed their initial complaint against Defendant Saunders as well as eBay, Inc. ("eBay"), and Paypal. (Doc. 1.)[1] Due to filing errors, Plaintiffs had to refile on May 1, 2018 (Doc. 6), and May 8, 2018, (Doc. 12). On June 12, 2018, Defendant Saunders filed a motion to dismiss, (Doc. 18), but that motion was denied without prejudice to renewal following a pre-motion conference as required by my Individual Practices, (Doc. 19). On June 20, 2018, the Court set a pre-motion conference for August 22, 2018, and deemed Defendant Saunders's initial motion to dismiss to be his pre-motion letter. (Doc. 26.)

---

[1] On June 21, 2018, then-Defendants eBay and Paypal moved to compel arbitration, (Doc. 27), and on August 13, 2018, the Court granted their motion, (Minute Entry dated Aug. 13, 2018). Shortly thereafter, Plaintiffs voluntarily dismissed their claims against eBay and Paypal. (Doc. 35.)

On August 22, 2018, the Court held a pre-motion conference and granted Plaintiffs leave to amend. (Minute Entry dated Aug. 22, 2018.) Plaintiffs filed what they fashioned as their "Second Amended Complaint" on September 18, 2018, bringing the following claims: (1) fraud and fraudulent inducement, (2) conversion, (3) unjust enrichment, (4) breach of the implied covenant of good faith and fair dealing, and (5) fraud in violation of 18 U.S.C. § 1343. (SAC ¶¶ 23-51.)[2] On October 5, 2018, Defendant Saunders moved to dismiss. (Doc. 38.)[3]

## II. DISCUSSION

### A. Standing

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (internal quotation marks omitted). A court lacks the constitutional power to adjudicate a case where those who seek to invoke the jurisdiction of the federal courts fail to allege an actual case or controversy. *See Corr. Officers' Benevolent Ass'n v. City of N.Y.*, 192 F. Supp. 3d 369, 371-72 (S.D.N.Y. 2016). "The standing doctrine is 'an essential and unchanging part of the case-or-controversy requirement.'" *Id.* at 372 (quoting

---

[2] Plaintiff previously filed an Amended Complaint, (Doc. 12), but that document was identical to the initial Complaint Plaintiff attempted to file on April 30, 2018, and May 1, 2018, (Docs. 1, 6).

[3] Ordinarily complaints made by *pro se* plaintiffs are to be examined with "special solicitude," interpreted "to raise the strongest arguments that they suggest," *Shibeshi v. City of N.Y.*, 475 F. App'x 807, 808 (2d Cir. 2012) (summary order) (emphasis and internal quotation marks omitted), and "held to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted). But here Plaintiff James A. Cracolici is a lawyer, and thus "the liberal construction courts generally give the pleadings of a *pro se* litigant does not apply." *Levy v. Welsh*, No. 12-CV-2056, 2013 WL 1149152, at *3 (E.D.N.Y. Mar. 19, 2013) (collecting cases). Defendant Saunders is *pro se* and, as far as the Court knows, not a lawyer, so he is entitled to special solicitude.

3

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "[T]he irreducible constitutional minimum of standing contains three elements." *Lujan*, 504 U.S. at 560.

> First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* at 560-61 (alterations, citations, and internal quotation marks omitted).

Defendant argues that Plaintiffs do not have standing to bring this claim because "[Defendant] never received the comic book at issue" and because "it was Pay[p]al who ultimately returned [Defendant's] funds." (Doc. 38 ¶ 24.) But these arguments are without merit. First, Defendants cannot challenge standing by merely denying Plaintiffs' factual allegations. Rather, "[f]or purposes of ruling on a motion to dismiss for want of standing, the court must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *See Corr. Officers' Benevolent Ass'n*, 192 F. Supp. 3d at 372 (internal quotation marks and alterations omitted). Second, Plaintiffs allege that Paypal refunded Defendant's payment only after Defendant "request[ed] a refund." (SAC ¶ 18.) Plaintiffs' alleged injury is therefore fairly traceable to Defendant's actions and is not the result of an independent action of Paypal. Accordingly, I reject Defendant's arguments and find that Plaintiffs have adequately alleged standing.

### B.     Plaintiffs' Claim Under 18 U.S.C. § 1343

The basis for subject matter jurisdiction in this Court is federal question under 28 U.S.C. § 1331.  (SAC ¶ 6.)[4]  Plaintiffs bring only one federal claim:  "[f]raud in violation of 18 U.S.C. § 1343."  (SAC at 9; *id.* ¶¶ 48-51.)  But 18 U.S.C. § 1343 is a criminal statute, and it "do[es] not create a private right of action."  *Carvel v. Franchise Stores Realty Corp.*, No. 08-CV-8938, 2009 WL 4333652, at *11 (S.D.N.Y. Dec. 1, 2009); *see Official Publ'ns, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir. 1989) ("18 U.S.C. §§ 1341 and 1343 . . . do not provide a private right of action."); *Bologna v. Allstate Ins. Co.*, 138 F. Supp. 2d 310, 322 (E.D.N.Y. 2001) ("[N]o private right of action exists under . . . 18 U.S.C. § 1343 . . . .")  Accordingly, Plaintiffs may not maintain a cause of action pursuant to § 1343, and their fifth claim is dismissed.

### C.     Plaintiffs' Remaining State Law Claims

In addition to the § 1343 claim, Plaintiffs allege four state law claims.  (SAC ¶¶ 23-47.)  The "traditional 'values of judicial economy, convenience, fairness, and comity'" weigh in favor of declining to exercise supplemental jurisdiction where all federal law claims are eliminated before trial.  *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  Having determined that the only claim over which this Court has original jurisdiction should be dismissed, and having considered

---

[4] Although the parties are of diverse citizenship, the amount in controversy is $7,733.67, so there is no diversity jurisdiction under 28 U.S.C. § 1332.

the factors set forth in *Cohill*, I decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law causes of action.  *See id.* (citing 28 U.S.C. § 1367(c)(3)).[5]

### III.   LEAVE TO AMEND

Leave to amend a complaint should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  It is "within the sound discretion of the district court to grant or deny leave to amend."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  "Leave to amend, though liberally granted, may properly be denied for:  'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment . . . .'"  *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiffs have already amended, after having the benefit of a motion to dismiss and supporting memorandum of law from Defendant Saunders, (Doc. 18), as well as the Court's observations during a pre-motion conference, (Minute Entry dated Aug. 22, 2018).  In general, a plaintiff's failure to fix deficiencies in the previous pleading, after being provided notice of them, is alone sufficient ground to deny leave to amend.  *See Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257-58 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first.  Simply put, a busy district court need not allow itself to be imposed upon by the presentation of

---

[5] Defendant also argued that Plaintiffs' claims should be dismissed for improper venue, (Doc. 38 ¶¶ 3-14), lack of personal jurisdiction, (*id.* ¶¶ 40-48), failure to join an indispensable party, (*id.* ¶¶52-56), and failure to state a claim, (*id.* ¶¶ 57-92), but because I am dismissing Plaintiffs' claims, I need not reach these issues.

theories *seriatim*.") (alteration, footnotes, and internal quotation marks omitted); *In re Eaton Vance Mut. Funds Fee Litig.*, 380 F. Supp. 2d 222, 242 (S.D.N.Y. 2005) (denying leave to amend because "the plaintiffs have had two opportunities to cure the defects in their complaints, including a procedure through which the plaintiffs were provided notice of defects in the Consolidated Amended Complaint by the defendants and given a chance to amend their Consolidated Amended Complaint," and "plaintiffs have not submitted a proposed amended complaint that would cure these pleading defects"), *aff'd sub nom. Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) (*per curiam*) ("[P]laintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies in the complaint and then an opportunity to cure those deficiencies.") (internal quotation marks omitted).

Further, the issues fatal to Plaintiffs' SAC are substantive and cannot be cured by better pleading, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), and Plaintiffs have not asked for leave to amend or suggested that they possess additional facts that could remedy the deficiencies. Accordingly, the Court declines to grant leave to amend *sua sponte*. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (denial of leave to amend would be proper where "request gives no clue as to how the complaint's defects would be cured") (internal quotation marks omitted); *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (plaintiff need not be given leave to amend if he fails to specify how amendment would cure the pleading deficiencies in his complaint); *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("[N]o court can be said to have erred in failing to grant a request that was not made."); *id.* (proper to dismiss with prejudice where no indication plaintiff could or would provide additional allegations leading to different result).

7

## IV.     CONCLUSION

Based on the foregoing, Defendant's motion to dismiss is GRANTED. The federal claim is dismissed with prejudice and the state law claims are dismissed without prejudice. The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 38), and close the case.

**SO ORDERED.**

Dated:   April 25, 2019
             White Plains, New York

                                                  *Cathy Seibel*
                                      CATHY SEIBEL, U.S.D.J.